| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93    Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V 2 0 0 6 1 2 4 _ _<br>Date of Filing: 0 3 0 9 2 0 0 6<br>Month Day Year    Judge Code: |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____BULLOCK_____, ALABAMA
(Name of County)

___JOSEPH C. YOUNG, ET AL___ v. ___GENERAL MOTORS CORPORATION, ET AL___
Plaintiff                                             Defendant

First Plaintiff:  ☐ Business   ☒ Individual        First Defendant:  ☒ Business   ☐ Individual
                 ☐ Government ☐ Other                                ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☒ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellanous Circuit Civil Case

**ORIGIN** (check one):  F ☒ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER: _____
                         R ☐ REMANDED              T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☒ YES  ☐ NO        Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☒ MONETARY AWARD REQUESTED        ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  J U D 0 0 5        03/08/2006        [signature]
                                       Date                Signature of Attorney/Party filing this form

**EXHIBIT "A"**

**MEDIATION REQUESTED:**  ☐ YES  ☒ NO  ☐ UNDECIDED

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

JOSEPH C. YOUNG, as the )
Administrator of the Estate of )
GEORGE H. YOUNG, deceased; )
BEVERLY J. BLEDSOE, an Individual; )
VARCASSY M. BLEDSOE, an )
Individual; ERIKA MOULTRY, as )
mother and next friend of BRIAN D. )
BLEDSOE, a minor; )
                                            )
       PLAINTIFFS, )
                                            ) CIVIL ACTION NO: CV-06-34
v. )
                                            )
GENERAL MOTORS )
CORPORATION, et al., and those )
LEGAL ENTITIES DESIGNATED )
HEREIN AS FICTITIOUS PARTIES: )

No. 1, whether singular or plural, that entity or those entities who or which designed the Chevy Tahoe involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 2, whether singular or plural, that entity or those entities who or which manufactured or assembled the Chevy Tahoe involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 3, whether singular or plural, that entity or those entities who or which had any role in the distributive chain regarding the Chevy Tahoe involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 4, whether singular or plural, that entity or those entities who or which prior to the occurrence made the basis of this lawsuit, altered or repaired the Chevy Tahoe involved in said occurrence, any component part thereof, or any attendant equipment used or available for use therewith;

No. 5, whether singular or plural, that entity or those entities, that individual or those individuals, other than those individuals and entities described above whose breach of warranties contributed to cause the occurrence made the basis of this lawsuit;

No. 6, whether singular or plural, that entity or those entities, other than those entities described above, which is the successor-in-interest of any of those entities described above;

No. 7 and 8, whether singular or plural, that entity who or which was responsible for the safety engineering of the Chevy Tahoe made the basis of the plaintiffs' Complaint;

No. 9, whether singular or plural, that entity who or which was buyer, seller, or as a buyer's or seller's agent or representative had any role in the distribution of the Chevy Tahoe involved in the occurrence made the basis of the plaintiffs' Complaint;

No. 10, whether singular or plural, that entity who or which issued or failed to issue warning or instructions regarding the use of the Chevy Tahoe made the basis of the plaintiffs'

Complaint;

No. 11, whether singular or plural, that entity who or which manufactured the component part of the Chevy Tahoe involved in the occurrence made the basis of the plaintiffs' Complaint;

No. 12, whether singular or plural, that entity who or which as a buyer, seller, or buyer or seller's agent, had any role in the distribution of any component part of the Chevy Tahoe made the basis of the plaintiffs' Complaint;

No. 13, whether singular or plural, that entity who or which issued warnings or instructions regarding the use of any component part of the Chevy Tahoe involved in the occurrence made the basis of the plaintiffs' Complaint;

No. 14, whether singular or plural, that person, firm, corporation, or entity who or which had conducted safety inspections or analyses with respect to assembling of the Chevy Tahoe made the basis of the plaintiffs' Complaint;

Plaintiffs aver that the identities of the fictitious party defendants herein are otherwise unknown to the plaintiffs at this time or, if their names are known to plaintiffs, their identities as proper party defendants are not known to the plaintiffs at this time and their true names will be substituted by amendment when ascertained,

)
**DEFENDANTS.**              )

## COMPLAINT
## COUNT I
*(General Allegations)*

1.  On or about February 5, 2004, George H. Young, deceased, was operating a 2003 Chevrolet Tahoe on Interstate 81 in Wythe County, Virginia, when the vehicle lost control on the icy roadway and left the pavement before overturning off of the side of the road. George H. Young sustained fatal injuries as a result of this incident.

2.  Other passengers in the vehicle at said date and time included Mr. Young's fiancé, Beverly J. Bledsoe, her son, Varcassy M. Bledsoe and her grandson, Brian D. Bledsoe, a minor; all of whom suffered personal injuries as a result of the incident.

3.  Joseph C. Young, is the personal administrator of the Estate of George H. Young, an adult resident of Bullock County, Alabama and a party plaintiff herein.

4.  Beverly J. Bledsoe is an adult resident of Bullock County, Alabama who brings this

action as party a plaintiff.

5.  Varcassy M. Bledsoe is an adult resident of Bullock County, Alabama and a party plaintiff herein.

6.  Erika Moultry is an adult resident of Bullock County, Alabama and the mother and next friend of her minor son, Brian D. Bledsoe, as a party plaintiff.

7.  The defendant, General Motors Corporation ("GM"), is a foreign corporation doing business by agent in Bullock County, Alabama.

8.  The substantive laws of the Commonwealth of Virginia apply to the causes of action in this case under the doctrine of *lex loci delicti*.

## COUNT ONE
### (Plaintiffs' claims for Breach of Warranties)

1.  The plaintiffs adopt by reference and incorporate the general allegations as though set out fully herein.

2.  The plaintiffs allege that at the time of the incident made the basis of this lawsuit, the defendant, GM, was in the business of designing, manufacturing and/or distributing and selling vehicles such as the subject vehicle, and did in fact design, manufacture, distribute and sell the subject vehicle, representing said vehicle to be capable and fit for the purpose of being safely operated as a means of transportation, which said purpose was known to the defendant.

3.  The plaintiffs further allege that the defendant had actual knowledge of the specific uses, purposes or requirements for which said vehicle was purchased, and warranted said vehicle, either by express warranty or implied warranty, to be fit for such uses and purposes, and further warranted said vehicle to be of merchantable quality.

4.  The plaintiff's deceased, George H. Young, and the other party plaintiffs relied on

said warranties and attempted to use said vehicle for the purposes as aforesaid when in fact, the said vehicle was not fit for the purpose intended and was not of merchantable quality in that the vehicle did not have a driver's side impact airbag and/or side curtain airbag; did not have adequate protection in the interior of the vehicle as required by the *Federal Motor Vehicle Safety Standards*; and did not have an electronic stability control system; all of which were available to the defendant at the time of manufacture. The failure by the defendant to incorporate said safety equipment in the subject vehicle was the proximate cause of the death of Mr. Young and personal injuries and damages to the other occupants of the vehicle.

5. The plaintiffs further allege that the subject vehicle was not fit for the purpose intended and was not of merchantable quality in that the vehicle's restraint systems, including the air/bag system in the outboard positions in the front and rear of the vehicle did not deploy and the seatbelts in the outboard positions in the front and rear of the vehicle did not properly or adequately restrain the occupants in the collision. The failure of the safety restraint systems in the subject vehicle to perform in manner in which they were intended was the proximate cause of the death of Mr. Young and personal injuries and damages to the other occupants of the vehicle.

WHEREFORE, plaintiff hereby demands judgment against the defendant, General Motors Corporation, in an amount in excess of the jurisdictional requirements of this Honorable Court, that a jury feels to be fair, reasonable, and proper, plus interest and costs.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

_____
WILLIAM W. SMITH
NICOLE L. JUDGE
Attorneys for Plaintiff

**OF COUNSEL:**
SMITH & ALSPAUGH, P.C.
1100 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-4640
(205) 324-8910 (telephone)
(205) 324-8929 (facsimile)

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

GENERAL MOTORS CORPORATION
c/o THE CORPORATION COMPANY
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109