IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH C. YOUNG, as the Administrator of the Estate of GEORGE H. YOUNG, deceased; BEVERLY J. BLEDSOE, an Individual; VARCASSY M. BLEDSOE, an Individual; ERIKA MOULTRY, as mother and next friend of BRIAN D. BLEDSOE, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS CORPORATION and FICTITIOUS DEFENDANTS NOS. 1-14, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 2:06-CV-345 |

**ANSWER AND DEFENSES OF**
**GENERAL MOTORS CORPORATION**

NOW COMES GENERAL MOTORS CORPORATION (GM) and files its Answer and Defenses to Plaintiffs' Complaint, showing the Court as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint, in whole or in part, fails to state a claim against GM upon which relief may be granted.

**SECOND DEFENSE**

Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitation.

**THIRD DEFENSE**

Venue may be improper in this Court.

**FOURTH DEFENSE**

Plaintiffs' Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

**FIFTH DEFENSE**

GM answers each individually numbered paragraph of Plaintiffs' Complaint as follows:

**COUNT I**

1.

GM denies that the subject 2003 Chevrolet Tahoe was defective or unreasonably dangerous when the vehicle left GM's possession, custody, or control. GM further denies that it is responsible in any way for causing or contributing to the injuries and damages alleged in Plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1.

2.

GM denies that the subject 2003 Chevrolet Tahoe was defective or unreasonably dangerous when the vehicle left GM's possession, custody, or control. GM further denies that it is responsible in any way for causing or contributing to the injuries and damages alleged in Plaintiffs' Complaint. GM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2.

3.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.

GM is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.

GM admits that it is a foreign corporation with its principal place of business in Detroit, Michigan.  GM further admits that it designs (in part), manufactures (in part), and distributes automobiles, some of which may be sold in the state of Alabama.  GM denies the remaining allegations contained in paragraph 7.

8.

GM admits the allegations contained in paragraph 8.

8(a).

GM denies all allegations contained in Count I of Plaintiffs' Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

## **COUNT ONE** (sic)

1.

GM incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1 through 8 of Plaintiffs' Complaint.

2.

GM admits that it designed (in part), manufactured (in part), and distributed the subject 2003 Chevrolet Tahoe. GM further admits that certain express written warranties accompanied the subject 2003 Chevrolet Tahoe at the time of its original sale. In addition, GM admits that certain implied warranties may arise under applicable law. GM denies that it breached any such warranties as to Plaintiffs or Plaintiffs' decedent. GM denies the remaining allegations contained in paragraph 2.

3.

GM denies the allegations contained in paragraph 3.

4.

GM denies the allegations contained in paragraph 4.

5.

GM denies the allegations contained in paragraph 5.

5(a).

GM denies all allegations contained in Count One (sic) of Plaintiffs' Complaint that are not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

## **Answering the "Wherefore" Paragraph of Plaintiffs' Complaint**

GM answers the "Wherefore" paragraph of Plaintiffs' Complaint as follows:

GM denies that it is in any way responsible for causing or contributing to the damages and injuries alleged in Plaintiffs' Complaint. GM further denies the subject 2003 Chevrolet Tahoe was defective or unreasonably dangerous at the time the vehicle left GM's possession, custody, or control. In addition, GM denies it is liable to Plaintiffs in any manner or amount. GM denies the remaining allegations contained in the "Wherefore" paragraph.

**SIXTH DEFENSE**

GM states that the sole proximate cause of the injuries and damages alleged in Plaintiffs' Complaint may have been the actions, nonactions, or negligence of a person or persons other than GM for whose actions, nonactions, or negligence GM is in no way liable. Plaintiffs are therefore not entitled to recover from GM in this action.

**SEVENTH DEFENSE**

GM states that the sole proximate cause of the injuries and damages alleged in Plaintiffs' Complaint may have been the combination of actions, nonactions, or negligence of a person or persons other than GM for whose actions, nonactions, or negligence GM is in no way liable. Plaintiffs are therefore not entitled to recover from GM in this action.

**EIGHTH DEFENSE**

GM states that the injuries and damages alleged in Plaintiffs' Complaint may have been caused by an intervening, superseding action for which GM is in no way liable. Plaintiffs are therefore not entitled to recover from GM in this action.

**NINTH DEFENSE**

GM states that the proximate cause of the injuries and damages alleged in Plaintiffs' Complaint may have been the misuse and/or abuse of the vehicle for which GM is not

responsible.  Plaintiffs are therefore not entitled to recover from GM in this action.

**TENTH DEFENSE**

GM states that Plaintiffs and/or Plaintiffs' decedent may have assumed the risks of the injuries and damages alleged in Plaintiffs' Complaint.  Plaintiffs are therefore not entitled to recover from GM in this action.

**ELEVENTH DEFENSE**

GM states that Plaintiffs and/or Plaintiffs' decedent may have failed to exercise ordinary care for their own safety.  Plaintiffs are therefore not entitled to recover from GM in this action.

**TWELFTH DEFENSE**

GM states that Plaintiffs and/or Plaintiffs' decedent may have been contributorily negligent in this action.  Plaintiffs are therefore not entitled to recover from GM in this action.

**THIRTEENTH DEFENSE**

While denying that Plaintiffs suffered any injury for which GM is liable, GM avers that any damages suffered by Plaintiffs may have been mitigated, in whole or in part, by reimbursement from collateral sources.

**FOURTEENTH DEFENSE**

Plaintiffs' alleged damages may have been caused by the intervening fault and/or negligence of third parties, not parties to this action, who are not under the control of GM, whose identities and fault will be determined as discovery proceeds.  Plaintiffs are therefore not entitled to recover from GM in this action.  GM specifically reserves the right to amend this affirmative defense to identify additional non-parties to which this affirmative defense refers.

**FIFTEENTH DEFENSE**

GM denies that the subject 2003 Chevrolet Tahoe was defective or unreasonably

-7-

dangerous and GM demands strict proof of any claim to the contrary.

### SIXTEENTH DEFENSE

Plaintiffs failed to provide notice of any alleged breach of warranty, whether express or implied.

### SEVENTEETH DEFENSE

Plaintiffs' Complaint fails to allege a claim for which punitive damages can be recovered.

### EIGHTEENTH DEFENSE

Plaintiffs' claims, if any, for the recovery of punitive damages may be precluded by Alabama Code § 6-11-20.

### NINETEENTH DEFENSE

Plaintiffs' claims, if any, for the recovery of punitive damages may be precluded by Alabama Code § 6-11-27.

### TWENTIETH DEFENSE

Although GM denies that Plaintiffs are entitled to the recovery of punitive damages, GM nevertheless asserts the provisions of Alabama Code § 6-11-21 as a limitation to any award of such damages.

### TWENTY-FIRST DEFENSE

Alabama's wrongful death statute is unconstitutional in that it does not require a clear and convincing proof before punishment is imposed on a defendant. To allow punishment to be imposed based on substantial evidence for simple negligence is unconstitutional and violative of the due process and equal protection clauses of the United States Constitution.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims for punitive damages are in contravention of GM's rights under the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution; Article I, Section 15, of the Alabama Constitution; and Article I, Section 9, of the Virginia Constitution.

### TWENTY-THIRD DEFENSE

The claims of Plaintiffs for punitive damages against GM cannot be sustained, because an award of punitive damages without proof of every element beyond a reasonable doubt would violate GM's due process rights under the Fourteenth Amendment to the United States Constitution and under the Virginia and/or Alabama Constitutions.

### TWENTY-FOURTH DEFENSE

Alternatively, unless GM's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate GM's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Virginia and/or Alabama Constitutions.

### TWENTY-FIFTH DEFENSE

The claims of Plaintiffs for punitive damages against GM cannot be sustained, because any award of punitive damages without bifurcating the trial of all punitive damages issues would violate GM's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Virginia and/or Alabama Constitutions.

### TWENTY-SIXTH DEFENSE

The claims of Plaintiffs for punitive damages against GM cannot be sustained, because an award of punitive damages under Virginia and/or Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from

awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of GM, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate GM's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment of the United States Constitution and by the Virginia and/or Alabama Constitutions.

**TWENTY-SEVENTH DEFENSE**

The claims of Plaintiffs for punitive damages against GM cannot be sustained, because an award of punitive damages for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Virginia and/or Alabama law would violate GM's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Virginia and/or Alabama Constitutions.

**TWENTY-EIGHTH DEFENSE**

The claims of Plaintiffs for punitive damages cannot be sustained, because an award of punitive damages under state law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate GM's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and by the Virginia and/or Alabama Constitutions.

**TWENTY-NINTH DEFENSE**

Any award of punitive damages based on anything other than GM's conduct in connection with the sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Virginia and/or Alabama Constitutions because any other judgment for punitive damages in this case cannot protect GM against impermissible multiple punishment for the same wrong.

**THIRTIETH DEFENSE**

Although GM denies that Plaintiffs are entitled to the recovery of punitive damages, GM nevertheless asserts the provisions of Va. Code Ann. § 8.01-38.1.

**THIRTY-FIRST DEFENSE**

GM reserves the right to plead additional affirmative defenses which may become known during the course of discovery in this case.

WHEREFORE having fully answered Plaintiffs' Complaint, GM prays that Plaintiffs' Complaint be dismissed with prejudice; that judgment be rendered in favor of GM; that Plaintiffs recover nothing in this action from GM; and that GM have such other and further relief as this Court deems just and proper.

This 21st day of April, 2006.

s/ Charles A. Stewart III
Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104

              Telephone: (334) 956-7700
              Facsimile: (334) 956-7701
                -and-
              Robert D. Hayes
              Frank Coan
              Jennifer Simon
              King & Spalding LLP
              191 Peachtree St.
              Atlanta, GA 30303-1763
              (404) 572-4600
              **ATTORNEYS FOR DEFENDANT**
              **GENERAL MOTORS CORPORATION**

CERTIFICATE OF SERVICE

   I hereby certify that on April 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      William W. Smith
      Nicole L. Judge
      Smith & Alspaugh, P.C.
      1100 Financial Center
      505 North 20th Street
      Montgomery, Alabama 35203-4640

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

   None.

              Respectfully submitted,

              s/ Charles A. Stewart III
              Charles A. Stewart III (STE067)
              Bradley Arant Rose & White LLP
              The Alabama Center for Commerce
              401 Adams Avenue, Suite 780
              Montgomery, AL 36104
              Telephone: (334) 956-7700
              Facsimile: (334) 956-7701
              E-mail: cstewart@bradleyarant.com

-12-