IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JOSEPH C. YOUNG, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-345 |
| | ) |
| **GENERAL MOTORS CORPORATION** | ) |
| | ) |
| **Defendant.** | ) |

**MOTION TO DISMISS FOR FAILURE TO PROSECUTE
OR, ALTERNATIVELY, TO EXTEND CERTAIN DEADLINES**

**General Motors Corporation** ("GM") moves the Court for an order dismissing this case for Plaintiffs' failure to prosecute or, alternatively, extending Defendant's deadlines for identifying its expert witnesses and for filing its dispositive motion. This motion is based upon the following grounds:

1. Plaintiffs' attorneys filed a Motion to Withdraw and to Extend Scheduling Order Deadlines on August 30, 2007. According to the motion, Plaintiffs' attorneys had communicated to Plaintiffs in October 2006 that they would not be able to represent the Plaintiffs in this case. (Doc. No. 12-2).

2. The Court granted the request to withdraw but denied the request to extend the Scheduling Order Deadlines. (Doc. No. 15).

3. The Court's order indicated that it would assume Plaintiffs are proceeding *pro se* if they did not obtain new counsel by September 17, 2007. Id. As of the date of this motion, no notice of appearance has been filed by an attorney on behalf of Plaintiffs.

4. GM served discovery requests on Plaintiffs in May of 2006, no responses were filed. GM's counsel wrote to Plaintiffs' counsel in August of 2006 requesting responses; however, neither Plaintiffs' former attorneys nor Plaintiffs have responded to GM's discovery requests. Copies of the discovery requests and the letter to Plaintiffs' counsel are attached as Exhibit A.

5. Additionally, the deadline for Plaintiffs to identify an expert witness was September 7, 2007, but Plaintiffs have not identified an expert witness.

6. On May 30, 2006, this Court entered its scheduling order. The scheduling order commanded the parties to complete all discovery by January 4, 2008. (Doc. No. 11, Section 7).

7. Under the Court's Scheduling Order, GM is supposed to identify its experts on or before November 1, 2007. (Doc. No. 11, Section 8).

8. Additionally, under the Court's Scheduling Order, dispositive motions must be filed by November 22, 2007. (Doc. No. 11, Section 2).

9. To date, Plaintiffs have not responded to the discovery which was served in May of 2006, over 16 months ago. GM attempted to work this discovery dispute out with Plaintiffs' counsel before Plaintiffs' counsel withdrew.

10. Without responses to discovery, and without Plaintiffs' designation of any expert, GM would be greatly prejudiced if held to the November 1, 2007 deadline. Without the first bit of discovery from Plaintiffs, GM is left to speculate about the substance of Plaintiffs' claims, Plaintiffs' defect allegations, as well as the necessity (if any) of retaining experts.

11. Likewise, GM has been denied the opportunity to engage in discovery since the filing of this lawsuit in March of 2006. Since the filing of this Complaint, Plaintiffs have done nothing. Plaintiffs have not responded to discovery, not designated an expert witness, and

refused to comply with good faith efforts to work out discovery problems.  Under *FED. R. CIV. P*. 41 (b), dismissal is proper if Plaintiffs fail to prosecute their claims or if Plaintiffs fail to comply with an order of this Court.  Because Plaintiffs have done nothing to advance this lawsuit to trial since the filing of the Complaint, and because Plaintiffs have not responded to discovery nor designated an expert pursuant to this Court's Scheduling Order, this matter should be dismissed pursuant to Rule 41 (b).

12.	Alternatively, GM requests the Court to extend Defendant's deadlines to identify experts for an additional sixty (60) days beyond the date Plaintiffs fully respond to discovery, and GM further asks the Court to extend the dispositive motion deadline for an additional sixty (60) days beyond that the expert identification date.  In this way, GM can have the benefit of responses to the discovery it issued 16 months ago and defend itself in this case.

WHEREFORE, premises considered, GM respectfully urges the Court to enter an order dismissing this case for Plaintiffs' failure to prosecute or, alternatively, extending Defendant's deadlines for identifying expert witnesses and for filing dispositive motions.

This 31st day of October, 2007.

 s/Charles A. Stewart III
Charles A. Stewart III
Angela Raines Rogers
Bradley, Arant, Rose & White LLP
401 Adams Avenue
Suite 780
Montgomery, Alabama 36104
Telephone:  (334) 956-7700
Facsimile:  (334) 956-7701
E-mail:  cstewart@bradleyarant.com
      arogersr@bradleyarant.com

- and -

Robert D. Hays
L. Frank Coan, Jr.
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

N/A.

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**PLAINTIFF**
Joseph Young, Pro se
402 Little Indian Creek Road
Union Springs, AL 36089

s/ Charles A. Stewart III
Of Counsel