# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH C. YOUNG, as the<br>Administrator of the Estate of<br>GEORGE H. YOUNG, deceased;<br>BEVERLY J. BLEDSOE, an Individual;<br>VARCASSY M. BLEDSOE, an<br>Individual; ERIKA MOULTRY, as<br>mother and next friend of BRIAN D.<br>BLEDSOE, a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS<br>CORPORATION and FICTITIOUS<br>DEFENDANTS NOS. 1-14,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 2:06-CV-345 |

## GENERAL MOTORS CORPORATION'S
## FIRST INTERROGATORIES TO PLAINTIFFS

NOW COMES GENERAL MOTORS CORPORATION (GM), and hereby serves these interrogatories upon plaintiffs and requests that they be answered fully in writing and under oath within thirty (30) days from the date of service thereof, all in accordance with Federal Rule of Civil Procedure 33. Each interrogatory is addressed to the personal knowledge of plaintiffs, as well as to the knowledge and information of plaintiffs' attorneys, investigators, agents, employees, or other representatives. In answering these interrogatories, plaintiffs should furnish all information that is available to her and each of the aforementioned persons. Further, plaintiffs must supplement these interrogatories if either they or the aforementioned persons

obtain additional or different information between the time the answers are served and the commencement of trial.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.      "Document" means every writing or record of every type and description that is or has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes, or statistical computations.

2.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

3.      "Plaintiffs" refers to Joseph C. Young, as the administrator of the estate of George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Erika Moultry, as mother and next friend of Brian D. Bledsoe.

4.      "Complaint" refers to plaintiffs' Complaint in the above-styled action.

5.      "Vehicle" refers to the 2003 Chevrolet Tahoe referenced in plaintiffs' Complaint.

6.      "Incident" refers to the accident giving rise to this lawsuit alleged to have occurred on or about February 5, 2004.

7.      (a) "Identify" with respect to any "person" or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, business name, business address, business telephone number, and a description of each person's connection with the events in question.

2

(b)    "Identify" with respect to any "document" or any reference to stating the "identification" of any "document" means to provide the title and date of each document, the name and address of the party or parties responsible for the preparation of each document, the name and address of the party who requested or required the preparation or on whose behalf it was prepared, the name and address of the recipient or recipients of each document, the present location of any and all copies of each document, and the names and addresses of any and all persons who have custody or control of each document or copies thereof.

## INTERROGATORIES

1.

Please state plaintiffs' and George H. Young's full names, all prior names, social security numbers, dates and places of birth, occupations, current home and business addresses, and all residential addresses (including the dates at each address) and employers (including the dates with each employer) for the five-year period immediately preceding the subject incident.

2.

Please state the height, weight, and body size (chest, waist, and hip measurements) for George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Brian D. Bledsoe immediately preceding the subject incident. Please also state the source or authority for these measurements and the date on which they were taken.

3.

Please identify all present and former owners of the subject vehicle indicating the periods of ownership for each and the odometer reading at the time of each acquisition.

4.

Please identify any and all persons or places of business that serviced, repaired, or modified the subject vehicle either before or after the incident which forms the basis of this lawsuit, and include the date and nature of each such service or repair and the current location of the subject vehicle.

5.

Please identify each person who inspected the subject vehicle or any part or parts thereof subsequent to the incident which forms the basis of this lawsuit, identifying anyone who removed any parts from the subject vehicle, which components were removed and how they were removed, and the chain of custody from date of removal until present.

6.

Please identify any investigation reports, photographs (moving or still), and written or otherwise recorded statements dealing in any regard with the subject vehicle, the incident which forms the basis of this lawsuit, the subsequent investigation of said incident, or any of the facts or circumstances upon which plaintiffs' allegations are based. For each written or recorded statement, please list the person taking the statement, the date of the statement, and all persons having a copy of said statements.

7.

Please identify each person who has any information or who purports to have any information regarding any facts and circumstances relevant to the subject incident.

8.

Please identify the fact witnesses plaintiffs intend to call at the trial of this matter. With respect to each such witness, please provide the substance of each such witness' testimony and

4

identify those witnesses plaintiffs, plaintiffs' counsel, or their representatives have contacted in connection with this litigation.

9.

If George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Brian D. Bledsoe were involved in any automobile accident, other than the incident which forms the basis of this lawsuit, describe each accident, any injuries sustained, each item of damage to any vehicle involved, and identify the dates of any such accidents, the parties involved, and the resolution of any claims arising therefrom.

10.

Please describe the incident which forms the basis of this lawsuit, including the origin and destination of the trip, the identity and location of all passengers in the subject vehicle at the time of the incident, whether George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Brian D. Bledsoe were wearing their seat belts, and the identity of all occupants in the subject vehicle and any other vehicles involved in the incident.

11.

Please state the nature and extent of any and all physical and mental disabilities, impairments, or handicaps of any kind which George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Brian D. Bledsoe possessed at any time prior to the incident.

12.

Please state whether George H. Young consumed any alcoholic beverages or any controlled substances (e.g. marijuana, cocaine, heroin, etc.) in the 24-hour period immediately preceding the subject incident. If the answer is affirmative, please identify the place where the alcoholic beverage(s) and/or controlled substances were purchased, and any person(s) present

while such beverages and/or controlled substances were being consumed or otherwise inhaled or injected, and the amount of alcohol and/or controlled substances consumed.

13.

If plaintiffs contend that any part or parts of the subject vehicle were defectively manufactured, please state the name or type of each part, the alleged defect or defects in said part(s), the identity of each expert upon whose opinion the contention of defect is based and all evidence (documents or otherwise) in support of such claims.

14.

If plaintiffs contend that any part or parts of the subject vehicle were defectively designed, please state the name or type of each part, the alleged defect or defects in said part(s), the identity of each expert upon whose opinion the contention of defect is based and all evidence (documents or otherwise) in support of such claims.

15.

Please identify any experts, mechanics, or other persons plaintiffs contend are experts whom plaintiffs expect to call as expert witnesses to testify regarding their experience, investigation, examination or knowledge concerning the subject incident or vehicle in general, or anything related to plaintiffs' contentions in connection with this litigation, and please provide the subject matter on which such expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify, and a summary of the grounds for each such opinion to which such expert is expected to testify. With respect to each witness who is expected to provide expert testimony on plaintiffs' behalf, please identify all materials furnished to the purported expert and provide a list of every lawsuit in which the purported expert has testified at trial or by way of deposition in the preceding four years, and include the caption or style of the

case, the case number and court in which the case is pending, the party on whose behalf the purported expert testified, and the attorney for each party.

16.

Please describe fully any injuries and itemize any special damages plaintiffs claim as a result of the subject incident.

17.

Please identify each physician, osteopath, chiropractor, or other practitioner of any of the healing arts, who has examined or treated George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Brian D. Bledsoe in connection with the subject incident.

18.

Please state whether plaintiffs are obligated, whether by lien, subrogation, or other means, to pay any entity some or all of the proceeds plaintiffs may receive in this lawsuit.

19.

Please identify all persons or companies whom plaintiffs contend are obligated under contracts of insurance or otherwise to pay any benefits with respect to any loss or damage resulting from the subject incident.

20.

If plaintiffs have received any type of payment from any source in connection with or arising from the subject incident (including any settlement agreements or releases), please identify from whom the payments have been received, state the amount of each such payment, and identify any documents executed in connection with each such payment.

21.

Please list the full style, action number, court, and court term of any lawsuits or other claims plaintiffs have filed, other than the present action, concerning the subject incident or any damages stemming from the subject incident.

22.

Please identify the alternative design (including make and model) which plaintiffs contend should have been utilized by GM in place of the subject vehicle and please identify all information and/or testing on which plaintiffs rely in contending that:

    a. their proposed alternative design was available to GM at the time the subject vehicle was designed and manufactured;

    b. the utility of their proposed alternative design outweighed the utility of the subject vehicle; and

    c. their proposed alternative design would have reduced or eliminated plaintiffs' injuries.

23.

Please identify any documents or materials regarding plaintiffs' defect claims in this case obtained from the Attorney's Information Exchange Group or any other litigation document exchange group.

This _____ day of May, 2006.

<div style="margin-left:40%;">

Charles A. Stewart III (STE067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
Telephone:  (334) 956-7700
Facsimile:  (334) 956-7701

Robert D. Hays
L. Frank Coan, Jr.
Jennifer A. Simon
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile:  (404) 572-5100

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

</div>

## CERTIFICATE OF SERVICE

I certify that I have this day forwarded a true and correct copy of the above and foregoing

**GENERAL MOTORS CORPORATION'S FIRST INTERROGATORIES TO**

**PLAINTIFFS** by causing a true and correct copy of same to be deposited in the United States

mail, postage prepaid and addressed as follows:

> William W. Smith
> Nicole L. Judge
> Smith & Alspaugh, P.C.
> 1100 Financial Center
> 505 North 20th Street
> Birmingham, Alabama  35203-4640

This ___4th___ day of May, 2006.

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH C. YOUNG, as the )
Administrator of the Estate of )
GEORGE H. YOUNG, deceased; )
BEVERLY J. BLEDSOE, an Individual; )
VARCASSY M. BLEDSOE, an )
Individual; ERIKA MOULTRY, as )
mother and next friend of BRIAN D. )
BLEDSOE, a minor, )
                                 )
      Plaintiffs, )
                                   )
v. )           CIVIL ACTION NO. 2:06-CV-345
                                   )
GENERAL MOTORS )
CORPORATION and FICTITIOUS )
DEFENDANTS NOS. 1-14, )
                                   )
      Defendants. )
                                   )

## GENERAL MOTORS CORPORATION'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

      NOW COMES General Motors Corporation (GM), named as a defendant in the

above-styled action, and hereby requests, pursuant to Federal Rule of Civil Procedure 34, that

plaintiffs produce for inspection and copying by GM within 30 days of service thereof, the

documents described below that are in the possession, custody, or control of plaintiffs or their

agents or attorneys.  GM incorporates herein by reference the definitions contained in its First

Interrogatories to plaintiffs, served herewith.

      The documents requested to be produced are as follows:

1.

Any and all federal and state income tax returns filed by or on behalf of George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Brian D. Bledsoe for the five-year period immediately preceding the subject incident and any returns filed since the accident.

2.

Any and all high school, college, university, technical, or vocational records, transcripts, and applications for admission concerning George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Brian D. Bledsoe.

3.

All insurance policies under which plaintiffs may be compensated for any damages alleged in plaintiffs' Complaint.

4.

Any documents that reflect the service, repair, or modification of the subject vehicle either before or after the incident which gave rise to this lawsuit.

5.

Any investigation reports, photographs (moving or still), and written or recorded statements identified in response to Interrogatory No. 6.

6.

Any documents executed as a result of any payment(s) made to plaintiffs in connection with or arising out of the subject incident identified in response to Interrogatory No. 20.

7.

Any documents which plaintiffs contend contain relevant evidence in support of the claims alleged in plaintiffs' Complaint, including but not limited to any expert reports.

8.

All medical records, including but not limited to emergency room records, EMS records, ambulance trip run reports, physician's notes, chart notes, test results, X-ray film, photographs (moving or still), statements, bills, correspondence, or any other records of any type or nature relating to George H. Young, Beverly J. Bledsoe, Varcassy M. Bledsoe, and Brian D. Bledsoe and the injuries that allegedly resulted from the subject incident.

9.

Any and all photographs, negatives, or enlargements of photographs or videotapes in the possession, custody, or control of plaintiffs or plaintiffs' counsel which depict the subject vehicle in a damaged as well as undamaged condition.

10.

A copy of any and all written or transcribed statements made or given by witnesses relating to the subject incident.

11.

All documents, not previously requested herein, which were identified by plaintiffs in response to GM's First Interrogatories.

12.

The subject vehicle and all component parts thereof.

This _____ day of May, 2006.

Charles N. Stewart III (STE067)
Angela R. Rogers (RAI019)
Bradley Arant Rose & White, LLP
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

Robert D. Hays
L. Frank Coan, Jr.
Jennifer A. Simon
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION

## CERTIFICATE OF SERVICE

I certify that I have this day forwarded a true and correct copy of the above and foregoing

**GENERAL MOTORS CORPORATION'S FIRST REQUEST FOR PRODUCTION OF**

**DOCUMENTS AND THINGS TO PLAINTIFFS** by causing a true and correct copy of same

to be deposited in the United States mail, first class, postage prepaid and addressed as follows:

William W. Smith
Nicole L. Judge
Smith & Alspaugh, P.C.
1100 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-4640

This _____ day of May, 2006.

OF COUNSEL

# Bradley Arant

BRADLEY ARANT ROSE & WHITE LLP

THE ALABAMA CENTER FOR COMMERCE
401 ADAMS AVENUE, SUITE 780
MONTGOMERY, AL 36104
334.956.7700  FAX 334.956.7701
WWW.BRADLEYARANT.COM

Charles A. Stewart III

Direct Dial: 334-956-7608
Direct Fax: 334-956-7808
cstewart@bradleyarant.com

August 16, 2006

William W. Smith
Nicole L. Judge
Smith & Alspaugh, P.C.
1100 Financial Center
505 North 20th Street
Birmingham, Alabama  35203-4640

     RE:   *Joseph C. Young, as the Administrator of the Estate of George H. Young, deceased, et al. v. General Motors Corporation, et al.*

Dear Counsel:

    It has been some time since we issued discovery in this case.  Could you go ahead and provide us with responses to discovery at this time?

    I appreciate your attention to this matter.

               Yours very truly,

               Charles A. Stewart III

CAS/arm

cc:    Angela R. Rogers, Esq.