# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **JOSEPH C. YOUNG, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )**CIVIL ACTION NO. 2:06-CV-345-MHT** |
| | ) |
| **GENERAL MOTORS** | ) |
| **CORPORATION** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. #18, filed September 27, 2007). Pending before the Court is Defendant General Motor Corporation's *Motion to Dismiss for Failure to Prosecute or, Alternatively, to Extend Certain Deadlines* (Doc. # 19, entered October 31, 2007). On October 31, 2007, the Court issued an order directing Plaintiffs to show cause on or before November 9, 2007 why the motion to dismiss should not be granted. *See* Doc. #20. Plaintiff failed to respond to the Court's order. For good cause, it is the Recommendation of the Magistrate Judge that the motion be granted.

## I. PARTIES

Plaintiffs, Joseph Young, as the Administrator of the Estate of George H. Young, deceased, Beverly Bledsoe, Varcassy M. Bledsoe, and Erika Moultry, o/b/o B.D.B., a minor,

("Plaintiffs"), are residents of Bullock County, Alabama, within the Middle District of Alabama, for purposes of this litigation.

Defendant General Motors Corporation ("GMC" or "Defendant") is a Delaware corporation with its principal place of business in Detroit, Michigan. GMC maintains a registered agent for service of process within the State of Alabama.

## II. JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship with matter in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III. NATURE OF CASE/BACKGROUND

Plaintiffs initiated this product liability action through counsel in the Circuit Court for Bullock County, Alabama, on or about March 9, 2006. *See* Doc. #1, at 2. GMC removed the action to this Court on April 14, 2006. *See* Doc. # # 1-2. GMC filed its answer on April 21, 2006.

On May 30, 2006, the Court entered a Scheduling Order which contemplated trial on March 31, 2008, with discovery due by January 4, 2008. *See* Doc. # 11. On May 4, 2006, GMC served Plaintiffs its *First Interrogatories* and *First Request for Production of Documents* . . . . Receiving no response, counsel for GMC inquired via letter dated August 16, 2006 as to when Plaintiffs would provide discovery. *See* Doc. # 19-2. As of this date, Defendants have not received a response to the requests.

On August 30, 2007, Plaintiffs' counsel filed a motion to withdraw from this case. (Doc. #12, entered August 30, 2007). The Court granted the motion and directed Plaintiffs to obtain new counsel by September 17, 2007, or the Court would assume their intent to represent themselves. (Doc. #15, entered August 31, 2007).

On October 31, 2007, GMC filed its *Motion to Dismiss for Failure to Prosecute or, Alternatively, to Extend Certain Deadlines.* On October 31, 2007, the Court issued an order directing Plaintiffs to show cause on or before November 9, 2007 why the motion to dismiss should not be granted. *See* Doc. #20. To date, Plaintiffs have not responded, nor have they provided the discovery requested by GMC.

### IV. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Under Rule 41 of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Further, a district court may dismiss an action if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2); *see also Gratton v. Great American Communications*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore substantial responsibility for the delays in discovery and the defendants were not at fault; *Welch v. Comcar Indus.*, 139 Fed. Appx. 138, 139 (11th Cir. 2005) (citing Rule 37). As the Supreme Court recognized in *Link v. Wabash R. Co.*, "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." 370 U.S. 626, 629-630, 82 S.Ct. 1386, 1388, 8

L.Ed.2d 734 (1962)  Nonetheless, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1542 (11th Cir.1993) (citing *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988)).

Mindful of the judicial caution which should attend the dismissal of *pro se* actions, the Magistrate Judge nonetheless recommends dismissal of this action as Plaintiffs have been provided more than a reasonable opportunity to prosecute this action.  Defendants' *Motion* cites Plaintiffs' failure to respond to outstanding discovery requests, or to provide information regarding their intentions regarding expert witnesses.  Defendants assert these omissions are grounds for dismissal under Fed. R. Civ. P. 41(b).  In addition to GMC's argument, the Court notes Plaintiffs' failure to respond to its *Order*, which also qualifies as grounds for dismissal under the rule.  Consequently, it is reasonable to conclude Plaintiffs have chosen to abandon prosecution of their claims.

### V.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be **DISMISSED without prejudice for lack of prosecution**.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **November 30, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 19th   day of November, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE